CHARLES E. WILLIAMS & wife *vs.* HIRAM W. COPELAND.

Judgment will not be arrested after a verdict of guilty in a prosecution under the bastardy act, because the examination taken before the magistrate was not signed by the complainant, if the complaint was duly signed.

The *St.* of 1859, *c.* 239, § 1, authorizing the warrant in a prosecution under the bastardy act to be made returnable before the justice who issues it, or before any other justice in the same county authorized to issue it, applies to a case in which the complaint was made before its passage, if the warrant was not issued till afterwards.

COMPLAINT under the bastardy act, made by the female complainant, before her marriage, dated March 12, 1857, and subscribed and sworn to before Tisdale Harlow, justice of the peace for Bristol county. The examination was taken and sworn to on the same day, before the same magistrate, but was not subscribed by her. The warrant was issued on the 21st of November 1860, and made returnable before Mr. Harlow, or some other justice of the peace in the said county; and was returned before Albert A. Rotch, trial justice and justice of the peace in said county.

At the trial in the superior court, before *Russell*, J., the defendant was found guilty, and moved in arrest of judgment for irregularities in the proceedings. The motion was overruled, and the defendant alleged exceptions.

*E. H. Bennett*, for the defendant.

*C. A. Reed*, for the complainants.

DEWEY, J. 1. The Rev. Sts. *c.* 49, do not in terms require that the examination of the mother, in a prosecution for the support and maintenance of a bastard child, taken as preliminary to the issuing of a warrant for the arrest of the putative father, shall be signed by the complainant. The provision of the statute is, " the justice shall take her accusation and examination, in writing, under oath." Rev. Sts. *c.* 49, § 1. The more usual practice has been to have the examination signed, as well as sworn to, by the mother. It was assumed to be so required, in the remarks incidentally made in the case of *Smith* v. *Hayden*, 6 Cush. 113, but was not a point in that case. It is the better way,

18 *

but not absolutely essential, as it would seem, under the statute, and especially in a case like the present, where the accusation and complaint were thus signed and sworn to. It appears that the justice certifies as to the examination, that it was taken and sworn to before him. The omission of the mother to subscribe her name to the examination, under these circumstances, does not furnish sufficient ground for arresting judgment.

2. As to the further objection that the justice before whom the warrant was returned had no jurisdiction of the case, he not being the same justice who had issued the warrant; it cannot avail. The *St.* of 1859, *c.* 239, § 1, fully authorized the jurisdiction. It is true that this statute was enacted after the filing of the complaint in the present case. But it took effect before the issuing of the warrant. The statute, being a mere provision as to the tribunal authorized to hear and determine cases of this nature, was applicable to cases that had been already initiated, as to these future proceedings, and being in force when the warrant issued, the justice who heard the case on the return thereof was duly authorized to take cognizance of the same.

*Exceptions overruled.*